**Jorge RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 0383-88, 0384-88.

Court of Criminal Appeals of Texas, En Banc.

July 13, 1988.

Janet Morrow, court appointed on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Carol M. Cameron and Carol Davies, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

The record reflects that Jorge Rodriguez, henceforth appellant, was convicted by a jury of two counts of aggravated kidnapping. The jury also assessed his punishment at 99 years' confinement in the Department of Corrections and a $10,000 fine. The First Court of Appeals affirmed. See *Rodriguez v. State*, 746 S.W.2d 927 (Tex. App.—1st, Nos. 01-87-00296-CR, and 01-87-00297-CR, March 3, 1988).

In affirming the trial court's judgment, the court of appeals agreed with appellant that under this Court's decision of *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1987), which held that the statutorily mandated parole law instruction, see Art. 37.07, § 4, V.A.C.C.P., was unconstitutional, the trial judge erred in giving this instruction, but held that the error was, under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984), harmless.

After this Court handed down its opinion of *Rose v. State*, supra, and after the court of appeals handed down its opinion in this cause on March 3, 1988, this Court handed down its opinion on the Court's own motion for rehearing in *Rose v. State*, supra, on June 15, 1988, and held that Rule 81(b)(2), Tex.R.App.Pro., and not the tests set out in *Almanza v. State*, supra, governed in deciding whether this kind of charge error was harmless to the defendant.

Therefore, it is this Court's opinion that this cause should be remanded to the court of appeals so that it can analyze the error pursuant to Rule 81(b)(2), supra. Also see this Court's opinion of *Haynie v. State*, 751 S.W.2d 878 (Tex.Cr.App.1988).

It is so Ordered.

ONION, P.J., dissents and also dissents to the remand.

TEAGUE, Judge, dissenting.

I respectfully dissent to remanding this cause to the court of appeals. In this instance, THE BUCK SHOULD STOP HERE, and we should not put this cause in heavenly appellate orbit, not because our appellate orbit already has too many cases, but because of what the court of appeals has already stated in reaching its conclusion, that the error in giving the parole law instruction was harmless beyond a reasonable doubt.

It is only where the court of appeals has not yet made *any* harmless error analysis concerning error in giving the now declared unconstitutional statutory parole law instruction, see the latest opinion filed in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App. 1988), that it would be proper for this court to remand the cause to the court of appeals for it to make that analysis and determination. See, for example, *Haynie v. State*, 751 S.W.2d 878 (Tex.Cr.App.1987).

Implicitly, in making the determination whether the error in giving the unconstitutional statutory parole law instruction was or was not harmless, the court of appeals applied the "Almanza the Terrible", see *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1984), egregious harmless error test. The majority opinion correctly points out that the test that is to be used for the kind of charge error that occurred in this cause is not the "egregious harmless error" test set out in *Almanza*, supra, but, instead, is the test set out in Rule 81(b)(2), *Rules of Appellate Procedure*, namely: "If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, *unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment*." (My emphasis.)

Given the fact that the jurors are the only persons who can actually give us the answer to the question, whether the error is harmless, why don't we summon them back to the courtroom and ask them what affect, if any, the erroneous parole law instruction had on their punishment verdict? I attempted to point out in the concurring opinion that I filed in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988), that Rule 606(b), *Rules of Criminal Evidence*, is no bar to inviting the jurors back to the courtroom and informing us what affect, if any, the error such as here might have had on them. The majority did not accept my suggestion, and now, implicitly at least, our law forbids the only persons who can give us the answer from doing just that. Something is obviously wrong with our law when it forbids receiving information that will truly tell us whether the error was actually harmless.

Given the fact that what appellate courts actually do without their assistance is try to guess what the jurors would have done, or might have done, without the error, I find, as others have, that the harmless error analysis is perhaps the least useful function an appellate court can perform. See e.g., *United States v. Hasting*, 461 U.S. 499, 516–518, 103 S.Ct. 1974, 1984–1985, 76 L.Ed.2d 96 (1983) (Stevens, J., concurring in the judgment); R. Traynor, *The Riddle of Harmless Error*, p. 80 (1970). If the law requires us to know the jurors' minds before we can reverse someone's conviction, it ought to provide us with a means of asking them, or some other reasonable reliable method for discovering the truth.

The validity of the jury's verdict as to punishment is at issue in this cause. Should they not be permitted to defend it, if they can? I believe so, but the majority declines to permit them to defend their verdict; it, instead, erroneously remands this cause to the court of appeals to do what it has already done, albeit it is anticipated that that court will now use the test set out in Rule 81(b)(2) and will now hold that pursuant to that rule the error in the charge did not contribute to the maximum punishment that the jury assessed appellant.

I dissent to the remand. This time the buck should stop at this Court and not be passed on to the court of appeals. This Court, and not that Court, should decide whether under Rule 81(b)(2) the charge error contributed to the maximum punishment that the jury assessed appellant.