TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00184-CR







Lawrence Edward Finley, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,793, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated robbery (count one) and attempted
capital murder (count two). Tex. Penal Code Ann. §§ 15.01(a), 19.03(a)(2), 29.03(a)(2) (West
1994). The jury assessed punishment at imprisonment for ten years on count one, and at
imprisonment for twenty years on count two. The district court rendered judgments on each count
in accordance with the verdicts. We will affirm.

 On September 10, 1994, Joseph Nazario and two friends went jogging along
Blackland Road in Temple. The three men drove to this location in Nazario's car, a red Buick,
which they left parked and locked near the intersection of Blackland and 5th Street. As they were
jogging back toward this intersection, the men were passed by a black automobile, also a Buick,
being driven on Blackland at high speed. The black car crossed a set of railroad tracks with a
loud crash, and Nazario noticed that one of the car's tires had become flat.

 As Nazario and his friends neared Blackland and 5th, they saw the black Buick
parked next to Nazario's. Four men were standing around the two cars, one of whom threw a
rock and smashed the driver's window of Nazario's car. Nazario's friends left to summon the
police while Nazario continued to approach the four vandals, who were later identified as
appellant, Troy Williams, Leonard Hargrove, and Adrian Thompson. (1) Appellant expected the
men to flee at his approach, but this did not happen. Instead, Williams confronted Nazario and
began to push him in an effort to keep him away from his car. Nazario saw one of the other men
reach inside Nazario's car through the broken window. He also heard someone ask, "Where are
the keys?" Williams told Nazario, "Don't worry about that, we take what we want."

 Nazario seized Williams and shoved him against Nazario's car. Williams in turn
attacked Nazario with a knife. Appellant also began to hit Nazario on the head and upper body
with a tire tool, and the other two men struck Nazario with rocks. During the attack, Williams
told Nazario, "We're going to stay here all night until I kill you." Appellant, however, said to
Williams, "Come on, let's go." Williams took the tire tool from appellant and struck Nazario
several more times. The four assailants then fled in the black car.

 Fingerprints belonging to appellant and Hargrove were found on the driver's door
of Nazario's automobile. Williams's palm print was found on the hood of the car. No
incriminating prints were found inside the car. There is no evidence that any property was taken
from Nazario's car.

 Williams, the driver of the black car, testified that he stopped beside Nazario's car
when he realized that he had a flat tire. He admitted throwing rocks at Nazario's car and breaking
the window, but said he did so in anger and frustration resulting from the flat and the loss of a
wheel cover. Williams said that neither he nor his companions had any intention of breaking into
Nazario's automobile or stealing any property. Williams further testified that as he was standing
beside the two vehicles, Nazario seized him and threw him against one of the cars. This angered
Williams, who pulled his pocket knife in self-defense. Williams testified that he did not know that
he had stabbed Nazario during their scuffle. Williams also admitted swinging the tire tool at
Nazario, but denied striking him on the head.

 Appellant did not testify, but two written statements he gave to the police were
admitted in evidence. In one of the statements, appellant admitted hitting Nazario on the head and
arms with the tire tool.

 In four points of error, appellant contends the evidence is legally and factually
insufficient to sustain the convictions. Specifically, appellant urges that the State failed to prove
that he or his companions assaulted Nazario while in the course of committing theft and with the
intent to obtain and maintain control of Nazario's car or property in the car. (2) Because these are
essential elements of robbery and aggravated robbery, and because it was alleged that appellant
attempted to kill Nazario while in the course of committing or attempting to commit robbery,
appellant concludes that both convictions are unsupported by the evidence.

 Appellant relies in part on the absence of incriminating fingerprints inside Nazario's
car and on fact that no property was reported stolen. Proof of a successfully completed theft was
not required, however, because "in the course of committing theft" encompasses conduct that
occurs during an attempt to commit theft. Robinson v. State, 596 S.W.2d 130, 134 (Tex. Crim.
App. 1980); Tex. Penal Code Ann. § 29.01(1). From the circumstances, the jury could rationally
infer that appellant and his companions were attempting to steal Nazario's car or property inside
the car when they were interrupted by Nazario's return, and that appellant assaulted Nazario in
the course of that attempt.

 Appellant also argues that the State failed to prove a nexus between the assault and
the attempted theft. See Ibanez v. State, 749 S.W.2d 804, 807-08 (Tex. Crim. App. 1986) (proof
of theft and unrelated murder did not support conviction for capital murder). Appellant asserts
that Nazario was not assaulted with the intent to obtain or maintain control of Nazario's property,
but in retaliation for his attack on Williams. This argument fails because "intent to obtain or
maintain control of property" refers to the robber's state of mind with regard to the property, not
to his state of mind with regard to the assault. White v. State, 671 S.W.2d 40, 42 (Tex. Crim.
App. 1984). The jury could rationally infer that appellant and his companions intended to obtain
and maintain control of the property they were attempting to steal.

 Viewing all the evidence in the light most favorable to the verdict, we believe a
rational trier of fact could have found the essential elements of the charged offenses beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981) (test for legal,
or constitutional, sufficiency). Moreover, considering all the evidence equally, including the
defensive witnesses and the existence of alternative hypotheses, we do not find the jury's verdicts
to be so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
See Orona v. State, 836 S.W.2d 319 (Tex. App.--Austin 1992, no pet.); Stone v. State, 823
S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed) (test for factual
sufficiency); and see Clewis v. State, No. 450-94 (Tex. Crim. App. January 31, 1996) (adopting
Stone test for factual sufficiency). Points of error one through four are overruled.

 Before appellant's written statements were introduced in evidence, they were edited
to delete references to his codefendant, Williams. Appellant objected to the admission of the
redacted statements and moved for admission of each statement in its entirety, citing the rule of
optional completeness. Tex. R. Crim. Evid. 107. Williams objected to appellant's motion,
complaining that admission of the unredacted statements would deny him his constitutional right
of confrontation. U.S. Const. amend. VI; Tex. Const. art. I, § 10. In two points of error,
appellant contends the district court erred by overruling his requests for admission of the complete
statements and by admitting only the redacted statements.

 The rule of optional completeness provides that when part of a writing is offered
in evidence by a party, the whole of the writing may be inquired into by the other party. Rule
107. The purpose of the rule is to guard against the possibility of confusion, distortion, or false
impression arising from the use of part of a writing out of context. Pinkney v. State, 848 S.W.2d
363, 366 (Tex. App.--Houston [1st Dist.] 1993, no pet.). Thus, if the State places in evidence
only part of a defendant's confession, the defendant may as a general rule introduce the deleted
parts of the confession. Reece v. State, 772 S.W.2d 198, 203 (Tex. App.--Houston [14th Dist.]
1989, no pet.).

 In this cause, however, appellant's right to optional completeness conflicted with
Williams's constitutional right to confront the witnesses against him. A criminal defendant's
confrontation right is violated by the admission in evidence of a confession given by his
nontestifying codefendant that incriminates both defendants. Bruton v. United States, 391 U.S.
123, 135-36 (1968); see Pointer v. Texas, 380 U.S. 400, 403 (1965) (Fourteenth Amendment
incorporates confrontation right). The Confrontation Clause is not violated, however, if the
nontestifying codefendant's confession is edited to eliminate any reference to the other defendant
and the jury is instructed not to consider the codefendant's confession in determining the other
defendant's guilt. Richardson v. Marsh, 481 S.W.2d 200, 211 (1987); McMahon v. State, 582
S.W.2d 786, 793 (Tex. Crim. App. 1978); Proctor v. State, 871 S.W.2d 225, 230 (Tex.
App.--Eastland 1993, pet. granted).

 When the confrontation right conflicts with the rule of optional completeness, the
superior constitutional right must prevail over the evidentiary rule. Rodriguez v. State, 746
S.W.2d 927, 932 (Tex. App.--Houston [1st Dist.]), rev'd on other grounds, 753 S.W.2d 161 (Tex.
Crim. App. 1988); Tex. R. Crim. Evid. 101(c). Although appellant now urges that some of the
redacted material did not incriminate Williams, he did not, with an exception discussed below,
make this contention to the district court. Instead, he sought the admission of his statements in
their entirety, including portions that unquestionably incriminated Williams. The court did not
err by giving priority to Williams's confrontation right. Points of error five and six are overruled.

 Appellant specifically objected to the deletion of all or part of two sentences in the
first of his two written statements (redacted portions italicized): "I put the jack handle in the front
seat and then Hargrove, Adrian and I got back in the car" and "He [a reference to Nazario]
grabbed Hargrove and slammed him up against the car and they both slipped." Appellant urged
that neither sentence referred to or incriminated Williams. Williams agreed that these sentences
did not incriminate him and joined appellant in urging that the italicized passages not be redacted.

 If the district court erred by redacting these two sentences, the error was harmless
beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). Removing the reference to Hargrove and
Thompson from the first sentence did not make the sentence any more inculpatory or any less
exculpatory with regard to appellant than it was with the reference intact. The deletion of the
second sentence was harmless because two other references to Nazario slamming Hargrove into
the car were not redacted and remained in appellant's statements as shown to the jury. Point of
error seven is overruled.

 Finally, appellant contends the district court fundamentally erred in its instruction
to the jury regarding criminal liability for the acts of coconspirators. Tex. Penal Code Ann.
§ 7.02(b) (West 1994). In its instruction, the court told the jury that attempted capital murder,
attempted murder, aggravated assault, aggravated robbery, robbery, and burglary of a motor
vehicle are felonies. In fact, burglary of a vehicle is now a misdemeanor. Tex. Penal Code Ann.
§ 30.04 (West 1994). Because appellant did not object, he must demonstrate that this charge error
was so egregious and created such harm as to have denied him a fair trial. Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (opinion on rehearing). Appellant argues that he was
egregiously harmed because it is likely the jury convicted him of aggravated robbery and
attempted capital murder based on the conduct of his coconspirators committed in the course of
a conspiracy to commit burglary of a vehicle, a misdemeanor.

 The degree of harm resulting from charge error must be assayed in light of the
entire charge, the state of the evidence, including the contested issues and the weight of the
probative evidence, and the arguments of counsel. Id. Two factors convince us that the charge
error in this cause did not deny appellant a fair trial. First, the court's parties charge was not
limited to the conspiracy theory, but also authorized appellant's conviction as a party under
section 7.02(a)(2). The same evidence that tends to show that appellant and his confederates
conspired to break into Nazario's car also demonstrates that appellant encouraged, aided, or
attempted to aid his confederates in doing so. Second, appellant and Williams admitted assaulting
Nazario, and the only disputed issue at trial was whether the assaults were committed in the
course of committing theft. In their jury arguments, defense counsel conceded that their clients
were guilty of the lesser offenses of aggravated assault or attempted murder, but insisted that the
evidence did not support convictions for aggravated robbery and attempted capital murder either
because no theft was attempted or because the assaults were independent of the attempted theft. 
Counsel for the State, on the other hand, argued that the only reasonable inference to be drawn
from the circumstances was that the defendants broke into Nazario's car with the intent to steal
and, therefore, the defendants were guilty of the charged offenses.

 It is obvious that the jury concluded that appellant and his confederates broke into
Nazario's car intending to steal it or other property. When this conclusion is combined with
appellant's admission that he assaulted Nazario, it follows that appellant was guilty of aggravated
robbery. Add the jury's equally obvious conclusion that appellant intended to kill Nazario or to
aid Williams in his attempt, and appellant's guilt of attempted capital murder was also established. 
Under the circumstances, it was legally unnecessary for the jury to employ the coconspirator
liability theory in finding appellant guilty of the charged offenses and, as a practical matter, we
consider it unlikely that it did so. We therefore conclude that the charge error was not
egregiously harmful. Point of error eight is overruled.

 The judgments of conviction are affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 21, 1996

Publish

1. Appellant and Williams were jointly tried.
2. The district court instructed the jury on the law of parties. Tex. Penal Code Ann.
§ 7.02(a)(2), (b) (West 1994).


these sentences
did not incriminate him and joined appellant in urging that the italicized passages not be redacted.

 If the district court erred by redacting these two sentences, the error was harmless
beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). Removing the reference to Hargrove and
Thompson from the first sentence did not make the sentence any more inculpatory or any less
exculpatory with regard to appellant than it was with the reference intact. The deletion of the
second sentence was harmless because two other references to Nazario slamming Hargrove into
the car were not redacted and remained in appellant's statements as shown to the jury. Point of
error seven is overruled.

 Finally, appellant contends the district court fundamentally erred in its instruction
to the jury regarding criminal liability for the acts of coconspirators. Tex. Penal Code Ann.
§ 7.02(b) (West 1994). In its instruction, the court told the jury that attempted capital murder,
attempted murder, aggravated assault, aggravated robbery, robbery, and burglary of a motor
vehicle are felonies. In fact, burglary of a vehicle is now a misdemeanor. Tex. Penal Code Ann.
§ 30.04 (West 1994). Because appellant did not object, he must demonstrate that this charge error
was so egregious and created such harm as to have denied him a fair trial. Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (opinion on rehearing). Appellant argues that he was
egregiously harmed because it is likely the jury convicted him of aggravated robbery and
attempted capital murder based on the conduct of his coconspirators committed in the course of
a conspiracy to commit burglary