Clair v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00430-CR







Marvin Leon Clair, a/k/a Kool, a/k/a Koolaid, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,079, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING








 A jury found appellant Marvin Leon Clair guilty of capital murder committed in
the course of a robbery. See Act of April 16, 1985, 69th Leg., R.S., ch. 44, § 1, 1985 Tex. Gen.
Laws 434 (Tex. Penal Code Ann. § 19.03 (a)(2), since amended). After the State waived the
death penalty, the district court assessed punishment at imprisonment for life. We will affirm the
trial-court judgment of conviction.

FACTUAL AND PROCEDURAL BACKGROUND


 On the night of September 5, 1993, Nathaniel Tabron drove to an apartment
complex in Killeen, Texas, to purchase cocaine. While Tabron was negotiating in the parking lot
with a drug dealer named Red, appellant and Derrick Posey approached Tabron's car. Appellant
pointed a BB gun at Tabron's head and attempted to seize the cash in Tabron's hand. Posey came
to appellant's aid when Tabron resisted. As the three men struggled, Anthony Hurst walked up
and fatally shot Tabron with a .25 caliber pistol.

 Hurst, Posey, and appellant were tried jointly, without objection. At trial, written
statements Posey and appellant gave to the police implicating themselves, each other, and Hurst
were admitted in evidence after being edited to remove incriminating references to their respective
codefendants. The court instructed the jury not to consider Posey's statements as evidence against
Hurst or appellant and not to consider appellant's statement as evidence against Hurst or Posey. 
Hurst did not give a statement. None of the codefendants testified at trial.

DISCUSSION


Legal Sufficiency of the Evidence

 In point of error seven, appellant contends the evidence was legally insufficient to
support his conviction of the offense of capital murder. Specifically, he urges that there is
insufficient evidence to prove the existence of a conspiracy to commit robbery. He argues instead
that the evidence shows that his actions and those of Hurst were independent of one another.

 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 


 Celester German testified that he spent the evening of September 5 shooting dice
and selling drugs at a Killeen apartment complex that was a well-known drug market. Appellant,
Posey, and Hurst were among the people present. Appellant was armed with a BB gun that was
easily mistaken for a .45 caliber semiautomatic firearm. Hurst was carrying a .25 caliber pistol. 
A few hours before the murder-robbery, German overheard Hurst and appellant saying "they
needed some money" and "they were going to do a robbery."

 Around midnight, a blue car driven by Nathaniel Tabron entered the parking lot
of the apartment complex. German saw a drug dealer named Red approach the passenger side of
the car. Appellant and Posey were on the driver's side. Someone asked Tabron, "What do you
want, how much do you want." German then saw appellant place the BB gun against Tabron's
head and demand the money. Tabron grabbed the BB gun. While Tabron and appellant
struggled, Posey attempted to take the money in the victim's hand. Hurst, wearing a blue
bandanna over his face, walked up between appellant and Posey and shot Tabron.

 In addition, Michael Fluery, a passenger in Tabron's car at the time of the murder-robbery, testified that Tabron had seventy dollars to buy cocaine and that after the shooting the
money had disappeared. Furthermore, appellant's redacted statement admitted his participation
in the robbery.

 The district court charged the jury on the law of parties. Tex. Penal Code Ann.
§§ 7.01, 7.02(a)(2), (b) (West 1994); see Livingston v. State, 542 S.W.2d 655, 660 (Tex. Crim.
App. 1976) (law of parties applies to prosecution for capital murder). A conspirator is criminally
responsible for the actions of his co-conspirators



[I]f, in the attempt to carry out a conspiracy to commit one felony, another felony
is committed by one of the conspirators, all conspirators are guilty of the felony
actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have
been anticipated as a result of carrying out the conspiracy.



Tex. Penal Code Ann. § 7.02(b) (West 1994).

 The key to the existence of a criminal conspiracy is an agreement between two or
more persons to commit a felony. Tex. Penal Code Ann. § 15.02(a)(1) (West 1994). An
agreement to engage in a conspiracy may be inferred from the acts of the parties. Tex. Penal
Code Ann. §15.02(b) (West 1994); see Farrington v. State, 489 S.W.2d 607, 609 (Tex. Crim.
App. 1972); Walker v. State, 828 S.W.2d 485, 487 (Tex. App.Dallas 1982, pet. ref'd)
(agreement may be proved circumstantially). Viewing the evidence in the light most favorable
to the verdict, the jury could rationally conclude that appellant conspired with Posey and Hurst
to commit an armed robbery, that Hurst murdered Tabron in furtherance of the conspiracy, and
that the murder was an offense that should have been anticipated as a result of carrying out the
conspiracy. Point of error seven is overruled.



Admission of Posey's Redacted Statements

 In his first point of error, appellant complains that the trial court erred in admitting
the redacted statements of nontestifying codefendant Posey because he was denied the right of
confrontation. (1) The Confrontation Clause of the Sixth Amendment guarantees the right of a
criminal defendant to confront the witnesses against him. Pointer v. Texas, 380 U.S. 400, 403
(1965) (holding Fourteenth Amendment incorporates confrontation right). The right of
confrontation includes the right to cross-examine witnesses. 

 A criminal defendant is deprived of his right to confront the witnesses against him
when his nontestifying codefendant's incriminating pretrial confession is introduced at their joint
trial, even if the jury is instructed to consider that statement only against the codefendant. Bruton
v. United States, 391 U.S. 123, 135-36 (1968). The Confrontation Clause is not violated,
however, when the nontestifying codefendant's statement is redacted to eliminate all references
to the defendant. Richardson v. Marsh, 481 U.S. 200, 211 (1987); McMahon v. State, 582
S.W.2d 786, 793 (Tex. Crim. App. 1978); Proctor v. State, 871 S.W.2d 225, 230 (Tex.
App.Eastland 1993), vacated on other grounds, 915 S.W.2d 490 (Tex. Crim. App. 1995).

 Appellant urges us to follow Cruz v. New York, 481 U.S. 186 (1987). In Cruz, the
Court held that the Sixth Amendment is violated when the defendant's own confession, which
corroborates the confession of his codefendant, is admitted against him. Id. at 193. Cruz is
inapplicable to the instant cause because that case involved a nontestifying codefendant's
unredacted statement that directly incriminated the defendant. Because the codefendant's
statement in Cruz implicated the defendant, and the defendant's and codefendant's statements
corroborated each other, the statements were interlocking and violated the codefendant's right to
confrontation. Id. at 191-92. In the present case, appellant's situation involves a redacted
statement and therefore falls squarely within the parameters of Marsh. Marsh, 481 U.S. at
208-09.

 Appellant argues that, even after redaction, his confession and Posey's are
interlocking, and thus Posey's statement still tends to incriminate him. As long as the
codefendant's redacted statement does not incriminate the defendant on its face, the introduction
of other evidence, including the defendant's own confession, that links the defendant with the
codefendant's redacted statement does not violate the defendant's right to confrontation. Id. If
a codefendant's statement incriminates another defendant only by inference, a proper limiting
instruction is sufficient to avoid a Sixth Amendment violation. Id. Because Posey's statement,
after redaction, did not expressly refer to or directly incriminate appellant and because a proper
limiting instruction was given, the admission of Posey's statement did not violate the principles
set forth in Bruton.

 Appellant further contends that Posey's statement was inadmissible hearsay. As
previously discussed, however, the statement was edited to remove all incriminating references
to appellant and the jury was instructed not to consider Posey's statement as evidence against
appellant. Posey's statement was offered and admitted solely as evidence against Posey and, as
such, was not hearsay. See Tex. R. Crim. Evid. 801(e)(2)(A). Point of error one is overruled.



Refusal to Admit Appellant's Unredacted Statement

 In point of error two, appellant contends that the trial court erred in overruling his
request to offer his entire written statement after the State admitted the redacted version. At trial,
appellant sought to introduce his statement in its entirety without redaction of incriminating
references to his codefendants, citing the rule of optional completeness. Tex. R. Crim. Evid. 107. 
Appellant contends that the rule of optional completeness gives a defendant an absolute right to
introduce his entire statement after the State has introduced only a portion.

 Under the rule of optional completeness, when part of a writing is offered in
evidence by a party, the whole of the writing may be inquired into by the other party. Id. The
purpose of the rule is to guard against the possibility of confusion, distortion, or false impression
arising from the use of part of a writing out of context. Pinkney v. State, 848 S.W.2d 363, 366
(Tex. App.Houston [1st Dist.] 1993, no pet.). If the State places in evidence only part of a
defendant's confession, the defendant may as a general rule introduce the deleted parts of the
confession. Reece v. State, 772 S.W.2d 198, 203 (Tex. App.Houston [14th Dist.] 1989, no
pet.). In this cause, however, appellant's right to optional completeness conflicted with his
codefendants' constitutional rights to confront the witnesses against them.

 The introduction of appellant's statement in its entirety would have unquestionably
directly incriminated his codefendants. Furthermore, because appellant did not waive his Fifth
Amendment right not to testify, the introduction of his statement in its entirety would have
prevented his codefendants from exercising their right to cross-examine appellant. When the rule
of optional completeness conflicts with a codefendant's confrontation right, the superior
constitutional right must prevail. Finley v. State, 917 S.W.2d 122, 126 (Tex. App.Austin 1996,
pet. filed); Rodriguez v. State, 746 S.W.2d 927, 932 (Tex. App.Houston [1st Dist.]), rev'd on
other grounds, 753 S.W.2d 161 (Tex. Crim. App. 1988); Tex. R. Crim. Evid. 101(c). The trial
court did not err in giving priority to appellant's codefendants' Sixth Amendment rights.

 Appellant argues on appeal that parts of the redacted material were exculpatory as
to him and that, as to these parts of his statements, the rule of optional completeness should have
prevailed over his codefendants' confrontation rights. Appellant did not make this argument at
trial. He failed to specify those portions of the redacted statement that were admissible as to him
without incriminating his codefendants and failed to ask for a proper limiting instruction. See
Tex. R. Crim. Evid. 105. Appellant, therefore, failed to preserve this issue for appeal. Finley,
917 S.W.2d at 126; Tex. R. App. P. 52(a). Even if appellant had preserved this issue, we
believe the statements appellant wished to admit would nonetheless have run afoul of Bruton.

 Appellant argues that regardless of the conflict with Bruton, United States v.
Kaminski, 692 F.2d 505 (8th Cir. 1982), supports his position that his right to present exculpatory
evidence has been substantially prejudiced, requiring reversal. In Kaminski, the Eighth Circuit
noted that "[t]he rule of completeness is violated, and severance required, only where admission
of the statement in its edited form distorts the meaning of the statement or excludes information
substantially exculpatory of the declarant." Id. at 522. Kaminski is inapplicable here, however,
because appellant never moved to sever. Moreover, even if appellant had moved to sever, the
redacted portions of appellant's statement are not in conflict with a finding that appellant was a
party to the robbery that led to Tabron's murder. Point of error two is overruled.



Admission of Appellant's Confession

 In point of error eight, appellant complains that the district court erred in denying
his motion to suppress his written statement, because it was made involuntarily. Appellant was
in the Army at the time of the events in question. On September 14, 1993, appellant was notified
by his military supervisor that he was to report to the Criminal Investigation Division (CID)
office. While at the CID office, he was interviewed by Special Agents Michael Bramer and
Thomas Foster. Appellant concedes that he was not under arrest at the time he made the
statement.

 Appellant testified at the hearing on the motion for the limited purpose of
determining the voluntariness of his statement. He stated he was told that in exchange for his
statement and testimony at trial the Army would transfer him to a base close to his parents, but
if he lied, he could lose his rank and would be sent to Leavenworth for five to ten years. 
Additionally, he said he was offered money to provide information on other drug dealers. 
Appellant testified that he would not have given a written statement in the absence of these
inducements. Appellant stated that, during his interrogation, he requested an attorney but did not
receive one. Appellant admitted he previously lied to the Killeen police officers when he gave
them a statement. 

 Special Agent Bramer testified that the Army was aware appellant was a witness
to the murder-robbery, but appellant was not a suspect at the time questioning began. When
appellant told Bramer he pointed the BB gun at the victim's head and tried to grab the money,
Bramer stopped the interview and advised appellant of his rights. Appellant appeared to
understand his rights. Bramer testified that appellant did not request an attorney and was not
threatened or promised anything to give a statement. After appellant gave his statement, he was
free to leave. Special Agent Thomas Foster testified that appellant appeared to understand the
warning of rights, never asked for an attorney, never refused to answer questions, and was never
threatened or promised anything.

 In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject all or part of a
witness's testimony. Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim. App. 1980). In
reviewing the trial court's decision, an appellate court does not engage in its own factual review; 
it determines only whether the record contains sufficient evidence to support the trial court's fact
findings. Romero, 800 S.W.2d at 543. Where no findings are given, the appellate court
presumes the trial court found whatever facts were needed to support the ruling. State v. Johnson,
896 S.W.2d 277, 280 (Tex. App.Houston [1st Dist.] 1995, pet. granted). 

 The trial court found that appellant made his statement voluntarily. We hold there
is sufficient evidence to support that finding. Point of error eight is overruled.



Hearsay Statements

 In point of error three, appellant contends the trial court erred in admitting hearsay
statements made by codefendant Hurst during a conversation with appellant as related by witness
Celester German. Before the challenged statements, German testified that he saw appellant
attempt to rob the victim with the BB gun and saw Hurst join the robbery by shooting the victim. 
German then testified:

Q. Earlier that day you overheard Anthony Hurst talking with Marvin Clair
about doing a robbery?


A. Yes.


Q. Tell the jury where you were when you heard them talking about they were
going to do a robbery.


A. At the apartments in the breezeway.


. . . .


Q. What conversation did you overhear?


A. Anthony [Hurst] and Cool [appellant] were talking.


Q. All right. What did they say?


A. That they needed some money.


Q. Okay. What did you hear?


A. Well he--

At this point, counsel for appellant objected on the basis that any statements made by Hurst were
hearsay as to appellant. The prosecutor responded by offering the evidence under the
coconspirator exception to the hearsay rule. See Tex. R. Crim. Evid. 801(e)(2)(E). The court
overruled the objection. Thereafter, the State questioned German extensively about the
conversation between appellant and Hurst without a further hearsay objection.

 On appeal, appellant argues that the State did not establish the existence of a conspiracy
before seeking to admit the challenged statements. Under the Texas Rules of Criminal Evidence,
a statement is not hearsay if it is offered against a party and is made by a coconspirator of a party
during the course and in furtherance of the conspiracy. Id. The rule contemplates that the trial
judge will make an initial determination that a conspiracy exists. See Tex. R. Crim. Evid. 104(a);
see also Casillas v. State, 733 S.W.2d 158, 168 (Tex. Crim. App. 1986). The statements of
coconspirators are admissible if the offering party has shown, by a preponderance of the evidence,
the existence of an ongoing conspiracy, that the conspiracy included the declarant and the party
opponent, that the statement was made when the conspiracy was still effective, and that the
statement was made in furtherance of the conspiracy. Source v. State, 736 S.W.2d 851, 860 (Tex.
App.Houston [14th Dist.] 1987, pet. ref'd).

 Appellant, however, did not object at trial that the State had not shown that a
conspiracy existed. Appellant has therefore not preserved this issue for appeal. Tex. R. App.
P. 52(a). Even if appellant had preserved the issue, we believe the record contains sufficient
evidence to establish that a conspiracy existed prior to admission of the challenged statements. 
Point of error three is overruled.



Requested Instructions

 In point of error four, appellant contends the trial court erred by refusing to instruct
the jury on the defensive issue of independent impulse. A defendant is entitled to a jury
instruction on a defensive issue when there is evidence that raises a question whether the offense
actually committed was perpetrated in furtherance of the object felony, or was one which should
have been anticipated by the accused. Mayfield v. State, 716 S.W.2d 509, 515 (Tex. Crim. App.
1986). Appellant contends evidence elicited from State's witnesses German and Fluery that Hurst
"came out of nowhere" before he shot Tabron and that appellant was surprised by the shooting,
coupled with the lack of evidence to show that either appellant or Posey knew that Hurst intended
to shot Tabron, indicates that Hurst was acting independently. We do not agree.

 German testified that he heard appellant and Hurst planning a robbery and that
Hurst was showing off his gun while he and appellant were playing dice. There is no evidence
that raises a question that Hurst's action were not in furtherance of the robbery or that appellant
could not have anticipated Hurst's action. The mere fact that appellant was "surprised" by Hurst's
act of shooting the victim does not alone raise an inference that Hurst was acting independently. 
Point of error four is overruled.

 In point of error five, appellant complains that the trial court erred by refusing to
instruct the jury that if they found Hurst not guilty of capital murder, then appellant likewise could
not be guilty of capital murder. Appellant cites Simmons v. State, 594 S.W.2d 760 (Tex. Crim.
App. 1980), vacated on other grounds, 453 U.S. 902 (1981), as support for his contention. In
Simmons, the court of criminal appeals held that where the accused raises evidence to support an
independent impulse instruction but the court does not so instruct the jury, an instruction similar
to the one requested by appellant is sufficient to adequately protect the defendant's rights. Id. at
763-64. Because we have already held that the evidence does not support an instruction for
independent impulse, the trial court did not err in refusing to submit appellant's requested
instruction. Point of error five is overruled.

 In point of error six, appellant argues that the trial court erred by refusing to
instruct the jury on the lesser included offense of robbery. A charge on a lesser included offense
must be given if 1) the lesser included offense is included within the proof necessary to establish
the offense charged, and 2) some evidence exists in the record that would permit a jury rationally
to find that if the defendant is guilty, he is guilty only of the lesser offense. Bignall v. State, 887
S.W.2d 21, 23 (Tex. Crim. App. 1994); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim.
App. 1993). In determining whether the trial court erred in failing to give a charge on the lesser
included offense, an appellate court will review all the evidence presented at trial. Bignall, 887
S.W.2d at 23; Rousseau, 855 S.W.2d at 673.

 There is no question that, in the circumstances of the present case, the lesser
included offense of robbery is included within the proof necessary to establish capital murder, see
More v. State, 629 S.W.2d 912, 920 (Tex. App.Houston [14th Dist.] 1985, no pet.), and
appellant does not dispute that he intended to rob Tabron. He contends, rather, that evidence that
he affirmatively intended to commit a robbery is sufficient alone to require a charge on the lesser
included offense of robbery. We disagree. There is sufficient evidence in the record to refute a
conclusion that if appellant was guilty, he was guilty only of robbery. There is no evidence to
suggest that appellant and Hurst did not plan a robbery together or that Hurst acted for any other
purpose than to aid his friend during the robbery. We conclude that no evidence exists that would
permit a jury to rationally find that appellant is only guilty of robbery. Point of error six is
overruled. 

CONCLUSION


 Having overruled all of appellant's points of error, we affirm the judgment of
conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 17, 1996

Do Not Publish
1.   In his first statement, Posey related:


Me and Kool Aid got to the Kings Arms Apartments around 9:30pm by
riding in a cab. Kool Aid (Chris Turner). When we got there, there was Red
(photo # 2963-B), Celester (photo # 2853), Red's brother, Bobby (photo #
2971-B), [blank] . . . I then heard [blank] say he was going to get somebody
tonight. By that I mean he was going to jack somebody, by that I mean
taking somebody's money or car while trying to sell some dope. . . . [blank] 
I did see a gun on him. The gun he had was in his front waist shorts. The
gun was a 45 regular size all black automatic. This was the first time I saw
his gun. [blank] Afterwards, a dopefiend pulled up. . . . Red went to the
car. Red then came back to where we were and told us that it was a hundred
dollar bite. . . . All of us then started walking to the breezeway located on
the south side of the apartment complex [blank]. Red tried to service the
guy. Red was going back to his car [blank]. That's when I decided to help
[blank] by grabbing the dopefiend's right wrists and twisted it so that he
could let go of the gun, so that [blank] could get the dopefiend's money and
for the dopefiend to let go of the gun. [blank] The gun [blank] used to shoot
the guy was a little .25 caliber chrome automatic with a brown handle. . . . 
[blank] I was just trying to help him finish robbing the dopefiend, not to
shoot him. [blank] Chris said no, he wasn't going to the police. [blank] I
don't know what happened to [blank] gun. . . . I tried to help [blank] finish
robbing the guy when the dopefiend grabbed [blank] gun.


Posey's second statement read:


I heard [blank] say that he was going to jack someone. Right after that
[blank] and [blank] walked to a corner by themself [sic]. After their little
talk, [blank] said he was going to jack someone again. When [blank] said
this the second time, he still had the black gun in his shorts.



ed by refusing to
instruct the jury on the lesser included offense of robbery. A charge on a lesser included offense
must be given if 1) the lesser included offense is included within the proof necessary to establish
the offense charged, and 2) some evidence exists in the record that would permit a jury rationally
to find that if the defendant is guilty, he is guilty only of the lesser offense. Bignall v. State, 887
S.W.2d 21, 23 (Tex. Crim. App. 1994); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim.
App. 1993). In determining whether the trial court erred in failing to give a charge on the lesser
included offense, an appellate court will review all the evidence presented at trial. Bignall, 887
S.W.2d at 23; Rousseau, 855 S.W.2d at 673.

 There is no question that, in the circumstances of the present case, the lesser
included offense of robbery is included within the proof necessary to establish capital murder, see
More v. State, 629 S.W.2d 912, 920 (Tex. App.Houston [14th Dist.] 1985, no pet.), and
appellant does not dispute that he intended to rob Tabron. He contends, rather, that evidence that
he affirmatively intended to commit a robbery is sufficient alone to require a charge on the lesser
included offense of robbery. We disagree. There is sufficient evidence in the record to refute a
conclusion that if appellant was guilty, he was guilty only of robbery. There is no evidence to
suggest that appellant and Hurst did not plan a robbery together or that Hurst acted for any other
purpose than to aid his friend during the robbery. We conclude that no evidence exists that would
permit a jury to rationally find that appellant is only guilty of robbery. Point of error six is
overruled. 

CONCLUSION


 Having overruled all of appellant's points of error, we affirm the judgment of
conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jone