Thurman Claude PINKNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-91-00924-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1993.

Terri Tipton Holder, Angleton, for appellant.

Jim Mapel, Paul Haymes, Angleton, for appellee.

Before OLIVER-PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

The appellant, Thurman Claude Pinkney, was found guilty of delivery of a controlled substance. His punishment was assessed at 20 years in prison, and he was fined $15,000. We affirm.

### Fact summary

Angela Walker, a drug user and an informant, met two Freeport police officers in a secluded area of Freeport and arranged to set up her cousin, a drug dealer. Walker called the appellant and asked him if he had anything. After the conversation, the officers gave Walker $160, and she went to the Superport disco. The officers tried to keep Walker under surveillance, but for a very short period of time, they could not see Walker. The officers watched Walker walk toward an individual later identified as Chris Green, and then a second man, later identified as the appellant, approached them. The officers did not see Walker and the appellant exchange anything, but when she returned, Walker gave them four rocks of cocaine.

Walker testified the second man was the appellant. She also testified when she asked him about some powder, the appellant told her he needed her money first. He then referred Walker to Green to make the purchase.

### 1. Extraneous unadjudicated offenses

In point of error one, the appellant argues the trial court erred by allowing evidence of extraneous unadjudicated offenses.

To preserve error under the Texas Rules of Appellate Procedure, the appellant must:

have presented to the trial court a *timely* request, objection or motion, stating the *specific* grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context.

TEX.R.APP.P. 52(a) (emphasis added).

The testimony in dispute arose while Walker was being questioned about her association with the appellant. The pertinent part of her testimony was:

Q. Okay. Do you know Thurman?

A. Yes, I do.

Q. How long have you known him?

A. As long as I can remember.

Q. Okay. Are you related to him in any way?

A. Yes. I am.

Q. How are you related to him?

A. Cousin.

Q. Okay. Have you ever worked for Thurman?

A. Yes.

Q. And what type of work did you do?

A. I sold dope.

Q. You did what?

A. I sold drugs.

Q. What type of drugs?

A. Cocaine.

Q. Now—

A. Crack cocaine.

Q. Crack?

A. Yes.

Q. And you stated earlier that he wouldn't sell—

A. He never sold me anything.

Q. Well, how is it that you sold drugs for him, and he didn't sell to you? I don't understand that.

A. Because somebody would come and bring it to me, but he never did sell me anything. He never would sell me anything.

Q. What would you do?

A. He never would put nothing in my hand. He never did.

Q. Never would put it in your hand?

A. No.

Q. What would you do with the money that you made from the sales when you were working for him?

A. I gave it to—

Defense counsel: Excuse me, Judge. I'm going to object to this as being irrelevant to the issue before the Court at this time.

The Court: How is it relevant Counsel?

The State: It shows prior relationship and therefore has relevancy on the identity.

Defense: Identity. Judge, I believe he can just ask her if she identifies Mr. Pinkney.

The Court: All right. I'm going to overrule your objection, Counsel.

 It is well settled that a failure to object in a timely and specific manner during trial will waive error in the admission of evidence. *Little v. State*, 758 S.W.2d 551, 563 (Tex.Crim.App.1988). When a party attempts to adduce evidence of "other crimes, wrongs or acts," in order to preserve error on appeal, the opponent of that evidence must object in a timely fashion. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Crim.App.1990). The trial court cannot admit evidence, *over objection*, if it decides the evidence is not relevant. *Id.* at 390. Unless a party makes a timely objection to the erroneous admission of evidence, the error is not preserved for appellate review. *Crocker v. State*, 573 S.W.2d 190, 205 (Tex.Crim.App. [Panel Op.] 1978).

 The appellant failed to timely object. The State was able to ask Walker 10 questions about her working with the appellant before the appellant objected. Even then, it appears the appellant objected to the relevancy of what Walker did with the money she got from the appellant. In addition, the appellant did not request the trial judge instruct the jury that the evidence was limited to identity. *Montgomery*, 810 S.W.2d at 388; Tex.R.Crim.Evid. 105(a).

It is unnecessary for us to decide if the testimony of extraneous acts of misconduct was admissible, because the appellant did not preserve the error for review.

We overrule point of error one.

## 2. Rule of optional completeness

In point of error two, the appellant argues the trial court erred by allowing the State to introduce the entire statement of Angela Walker.

On direct, the State examined Walker about the events leading up to the purchase of drugs from the appellant. At one time in her examination, when the State asked what the appellant said to her, she said he did not say anything. The State then asked Walker if she wanted to see her statement, and when she replied "yes," he let her examine it. With her memory refreshed, Walker testified the appellant spoke to her about the money for the drug transaction. The State did not offer the statement into evidence or ask Walker to read any part of the statement to the jury.

On cross-examination, the appellant's counsel questioned Walker about the statement. Walker admitted she did not type or write the statement. She admitted she might not have read the statement before she signed it, because she was in a hurry. After looking at the statement she said "most of the words" in the statement were hers. She said she signed it, collected her $25, and left the station.

On re-direct, the State asked her to identify those words in the statement that were not hers and read from the document. The State asked her about each statement. The court prevented the State from going beyond the introductory material in the statement (name, address, age). The State then asked one more question about the statement—if she contacted the officer or if the officer contacted her. After more questioning, the State offered the statement under the doctrine of optional completeness, and the court sustained the appellant's objections stating it was bolstering and hearsay.

On re-cross examination, the appellant's counsel asked her again about the discrepancy in her statement (that she contacted the officer) and her testimony (that the officer contacted her). Walker was asked to look at the statement, and the following exchange took place:

Defense: But right here at the very beginning—

Walker: It says that I contacted.

Defense: Okay.

Walker: Okay.

Defense: Now. That's not correct, is it?

Walker: No. That's the only part in there that's not correct.

Defense: Oh, okay. That's right at the top, isn't it?

Walker: Right.

Defense: Not hidden in the middle of the body of the statement.

Walker: Right at the top.

Defense: I think it's probably the second sentence. Right?

Walker: Uh-huh.

On re-direct, the State asked that the entire statement be read into evidence, "now that the statement has clearly been read on cross-examination." The appellant objected, but the court overruled the objection.

The statement in its entirety is reproduced here:

My name is Angela Yvette Walker. I am 23 of age, born 10/20/66. I live at 421 East 5th Street, Freeport. On July 18, 1990 at approximately 11:30 a.m., I contacted Deputy Sergeant Joe Shoemake at the Freeport Police Department and told him that I knew of a black male by the name of Thurman Pinkney who was selling cocaine in the east end of Freeport. I agreed to make a controlled buy of cocaine from Thurman.

I was searched by Officer Miller and was found not to possess the type of controlled substance. I was driven to the East End Park at East 6th Street by Officer Shoemake and Miller and called Thurman at 233–4584.

I told Thurman that I wanted to buy some cocaine and told him and he told me to find a black male, Chris Green. I knew Chris Green to be a runner, a worker, seller for Thurman. Chris Green has told me on several occasions that he sells cocaine for Thurman.

Officer Shoemake then drove me to the post office by the Superport disco and gave me $160 in recorded cash and let me out of the vehicle. I found Chris Green and Thurman standing behind the post office. I asked Chris if he had any powder and he said Thurman wants the money first. I told Chris no, that I wanted to talk to Thurman. Thurman came over to me and said I need the money first. I told him that I was not letting go of the money.

Thurman then said fuck it and then I said fuck it. Give me $80 of rock. Thurman said there it is right now, Boogie, Chris Green, got it. Thurman then walked off. Chris handed me four rocks of cocaine and I give him a $100 bill and he gave me $20 cash back. Chris told me if I needed cocaine, he would be around.

I then walked away and went straight back to Shoemake where I turned over the four rocks of cocaine and then turned the $80 in cash.

■ The rule allowing introduction of the entire writing, after part of the writing is used by one party, was meant to guard against the possibility of confusion, distortion, or false impression arising from the use of a part of a writing out of context. *Livingston v. State*, 739 S.W.2d 311, 331 (Tex.Crim.App.1987) (statement of a witness was introduced into evidence after defense counsel read part of it out loud to the jury); Tex.R.Crim.Evid. 107.[1]

In *Grunsfeld v. State*, 813 S.W.2d 158, 162–63 (Tex.App.—Dallas 1991), *aff'd*, 843 S.W.2d 521 (Tex.Crim.App., 1992) (not yet reported), the court held it was error for the trial court to admit a police report into evidence after the police officer used it to read an address. The court held the mere use of the offense report for the purposes of cross-examination did not invoke rule 107. *Grunsfeld*, 813 S.W.2d at 163. In *Grunsfeld*, however, the court found the admission of the report to be harmless

---

**1.** The rule of optional completeness states: "When a part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation, writing or recorded statement is given in evidence, any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence. 'Writing or recorded statement' includes depositions." Tex.R.Crim. Evid. 107.

error.[2] Here, as in *Grunsfeld,* the mere reference to the report by the witness, without reading part of the statement in front of the jury, did not invoke rule 107. Here, the witness' statement was used on cross-examination and was not read to the jury by the defense counsel or the witness.

The State argues that any reading from a statement automatically makes the entire document admissible under rule 107. The State argues when the witness responded to the defense counsel's question with the phrase "I contacted," that she was reading from her statement to the jury, thus invoking rule 107. We hold that the witness' statement "I contacted" is not even a complete thought and certainly not a complete sentence from the document. Like the police officer's reading an address from the offense report in response to a question, the witness' response to a question from the defense counsel cannot alone invoke rule 107.

■ The Court of Criminal Appeals has held the rule of optional completeness is not as broad as the State argues: Every time a document is used to cross-examine a witness, the document does not become admissible in its entirety. In *Jernigan v. State,* 589 S.W.2d 681, 694–95 (Tex.Crim. App. [Panel Op.] 1979), the defense counsel used a deposition to cross-examine a witness for the State. On re-direct, the State offered the witness' deposition under the rule of optional completeness. Over the defendant's objection, the trial court admitted the 20–page deposition. The Court of Criminal Appeals held it was reversible error, because the State was limited to introducing matters on the same subject. *Id.* at 695. In a footnote, quoting from an earlier case, the court said:

> If appellant introduced isolated portions of this examining trial testimony as impeachment or in contradiction of the girl's testimony on the final trial, then the State would have the right to introduce such portions of her examining trial testimony as bore upon and were explanatory of those put in evidence by appellant, but that portion of the examining trial testimony that did not shed light upon those introduced by defendant would not be admissible.

*Jernigan,* 589 S.W.2d at 694 n. 24. Thus, under *Jernigan,* if the State was permitted to complete part of the statement, it was required to limit its offer to matters on the same subject, that is, whether Walker contacted or was contacted by the police.

■ We hold it was improper for the trial court to admit the entire statement under the doctrine of optional completeness.

■ Our next inquiry is whether the appellant waived the error to the admission of the specific parts of Walker's statement. If part of a document is admissible and part inadmissible, the Court of Criminal Appeals has held a general objection to the admission of the document does not preserve an objection to the inadmissible part of the document. *Wintters v. State,* 616 S.W.2d 197, 202 (Tex.Crim.App. [Panel Op.] 1981) (the defendant waived a specific objection when he objected that document was not admissible under the doctrine of optional completeness but did not request any portion of the document be deleted). Here, once the trial court overruled the appellant's objection to the entire document, the appellant should have objected to the specific parts of the document that were inadmissible hearsay and ask the court to delete those parts of Walker's statement. The appellant, therefore, waived the error concerning the admission of the statements.

We overrule point of error two and affirm the conviction.

**2.** We note that the State's petition for discretionary writ was denied, and the defendant's petition was granted.