Lawrence Edward **FINLEY**, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–95–00184–CR.

Court of Appeals of Texas, Austin.

Feb. 21, 1996.

Barbara Schwarz Young, Greenwood & Young, L.C., Belton, for Appellant.

Arthur Cappy Eads, District Attorney, James T. Russell, Administrative Assistant, Belton, for State.

Before CARROLL, C.J., and JONES and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated robbery (count one) and attempted capital murder (count two). Tex.Penal Code Ann. §§ 15.01(a), 19.03(a)(2), 29.03(a)(2) (West 1994). The jury assessed punishment at imprisonment for ten years on count one, and at imprisonment for twenty years on count two. The district court rendered judgments on each count in accordance with the verdicts. We will affirm.

On September 10, 1994, Joseph Nazario and two friends went jogging along Blackland Road in Temple. The three men drove to this location in Nazario's car, a red Buick, which they left parked and locked near the intersection of Blackland and 5th Street. As they were jogging back toward this intersection, the men were passed by a black automobile, also a Buick, being driven on Blackland at high speed. The black car crossed a set of railroad tracks with a loud crash, and Nazario noticed that one of the car's tires had become flat.

As Nazario and his friends neared Blackland and 5th, they saw the black Buick parked next to Nazario's. Four men were standing around the two cars, one of whom threw a rock and smashed the driver's window of Nazario's car. Nazario's friends left to summon the police while Nazario continued to approach the four vandals, who were later identified as appellant, Troy Williams, Leonard Hargrove, and Adrian Thompson.[1] Appellant expected the men to flee at his approach, but this did not happen. Instead, Williams confronted Nazario and began to push him in an effort to keep him away from his car. Nazario saw one of the other men reach inside Nazario's car through the broken window. He also heard someone ask, "Where are the keys?" Williams told Nazario, "Don't worry about that, we take what we want."

Nazario seized Williams and shoved him against Nazario's car. Williams in turn attacked Nazario with a knife. Appellant also began to hit Nazario on the head and upper body with a tire tool, and the other two men struck Nazario with rocks. During the attack, Williams told Nazario, "We're going to stay here all night until I kill you." Appellant, however, said to Williams, "Come on, let's go." Williams took the tire tool from appellant and struck Nazario several more times. The four assailants then fled in the black car.

Fingerprints belonging to appellant and Hargrove were found on the driver's door of Nazario's automobile. Williams's palm print was found on the hood of the car. No incriminating prints were found inside the car. There is no evidence that any property was taken from Nazario's car.

Williams, the driver of the black car, testified that he stopped beside Nazario's car when he realized that he had a flat tire. He admitted throwing rocks at Nazario's car and breaking the window, but said he did so in anger and frustration resulting from the flat and the loss of a wheel cover. Williams said that neither he nor his companions had any intention of breaking into Nazario's automobile or stealing any property. Williams further testified that as he was standing beside the two vehicles, Nazario seized him and threw him against one of the cars. This angered Williams, who pulled his pocket knife in self-defense. Williams testified that he did not know that he had stabbed Nazario during their scuffle. Williams also admitted swinging the tire tool at Nazario, but denied striking him on the head.

Appellant did not testify, but two written statements he gave to the police were admitted in evidence. In one of the statements, appellant admitted hitting Nazario on the head and arms with the tire tool.

In four points of error, appellant contends the evidence is legally and factually insufficient to sustain the convictions. Specifically, appellant urges that the State failed to prove that he or his companions assaulted Nazario while in the course of committing theft and with the intent to obtain and maintain control of Nazario's car or property in the car.[2] Because these are essential elements of rob-

---

1. Appellant and Williams were jointly tried.

2. The district court instructed the jury on the law of parties. Tex.Penal Code Ann. § 7.02(a)(2), (b) (West 1994).

bery and aggravated robbery, and because it was alleged that appellant attempted to kill Nazario while in the course of committing or attempting to commit robbery, appellant concludes that both convictions are unsupported by the evidence.

■ Appellant relies in part on the absence of incriminating fingerprints inside Nazario's car and on fact that no property was reported stolen. Proof of a successfully completed theft was not required, however, because "in the course of committing theft" encompasses conduct that occurs during an attempt to commit theft. *Robinson v. State,* 596 S.W.2d 130, 134 (Tex.Crim.App.1980); Tex.Penal Code Ann. § 29.01(1). From the circumstances, the jury could rationally infer that appellant and his companions were attempting to steal Nazario's car or property inside the car when they were interrupted by Nazario's return, and that appellant assaulted Nazario in the course of that attempt.

■ Appellant also argues that the State failed to prove a nexus between the assault and the attempted theft. *See Ibanez v. State,* 749 S.W.2d 804, 807–08 (Tex.Crim.App. 1986) (proof of theft and unrelated murder did not support conviction for capital murder). Appellant asserts that Nazario was not assaulted with the intent to obtain or maintain control of Nazario's property, but in retaliation for his attack on Williams. This argument fails because "intent to obtain or maintain control of property" refers to the robber's state of mind with regard to the property, not to his state of mind with regard to the assault. *White v. State,* 671 S.W.2d 40, 42 (Tex.Crim.App.1984). The jury could rationally infer that appellant and his companions intended to obtain and maintain control of the property they were attempting to steal.

Viewing all the evidence in the light most favorable to the verdict, we believe a rational trier of fact could have found the essential elements of the charged offenses beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex. Crim.App.1991); *Griffin v. State,* 614 S.W.2d 155 (Tex.Crim.App.1981) (test for legal, or constitutional, sufficiency). Moreover, considering all the evidence equally, including the defensive witnesses and the existence of alternative hypotheses, we do not find the jury's verdicts to be so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Orona v. State,* 836 S.W.2d 319 (Tex.App.—Austin 1992, no pet.); *Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd as untimely filed) (test for factual sufficiency); *and see Clewis v. State,* No. 450–94, —— S.W.2d ——, 1996 WL 37908 (Tex.Crim.App. January 31, 1996) (adopting *Stone* test for factual sufficiency). Points of error one through four are overruled.

Before appellant's written statements were introduced in evidence, they were edited to delete references to his codefendant, Williams. Appellant objected to the admission of the redacted statements and moved for admission of each statement in its entirety, citing the rule of optional completeness. Tex.R.Crim.Evid. 107. Williams objected to appellant's motion, complaining that admission of the unredacted statements would deny him his constitutional right of confrontation. U.S. Const. amend. VI; Tex. Const. art. I, § 10. In two points of error, appellant contends the district court erred by overruling his requests for admission of the complete statements and by admitting only the redacted statements.

■ The rule of optional completeness provides that when part of a writing is offered in evidence by a party, the whole of the writing may be inquired into by the other party. Rule 107. The purpose of the rule is to guard against the possibility of confusion, distortion, or false impression arising from the use of part of a writing out of context. *Pinkney v. State,* 848 S.W.2d 363, 366 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Thus, if the State places in evidence only part of a defendant's confession, the defendant may as a general rule introduce the deleted parts of the confession. *Reece v. State,* 772 S.W.2d 198, 203 (Tex.App.—Houston [14th Dist.] 1989, no pet.).

■ In this cause, however, appellant's right to optional completeness conflicted with Williams's constitutional right to confront the

witnesses against him. A criminal defendant's confrontation right is violated by the admission in evidence of a confession given by his nontestifying codefendant that incriminates both defendants. *Bruton v. United States,* 391 U.S. 123, 135–36, 88 S.Ct. 1620, 1627–28, 20 L.Ed.2d 476 (1968); *see Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965) (Fourteenth Amendment incorporates confrontation right). The Confrontation Clause is not violated, however, if the nontestifying codefendant's confession is edited to eliminate any reference to the other defendant and the jury is instructed not to consider the codefendant's confession in determining the other defendant's guilt. *Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987); *McMahon v. State,* 582 S.W.2d 786, 793 (Tex.Crim.App. 1978); *Proctor v. State,* 871 S.W.2d 225, 230 (Tex.App.—Eastland 1993, pet. granted).

■ When the confrontation right conflicts with the rule of optional completeness, the superior constitutional right must prevail over the evidentiary rule. *Rodriguez v. State,* 746 S.W.2d 927, 932 (Tex.App.—Houston [1st Dist.] ), *rev'd on other grounds,* 753 S.W.2d 161 (Tex.Crim.App.1988); Tex. R.Crim.Evid. 101(c). Although appellant now urges that some of the redacted material did not incriminate Williams, he did not, with an exception discussed below, make this contention to the district court. Instead, he sought the admission of his statements in their entirety, including portions that unquestionably incriminated Williams. The court did not err by giving priority to Williams's confrontation right. Points of error five and six are overruled.

■ Appellant specifically objected to the deletion of all or part of two sentences in the first of his two written statements (redacted portions italicized): "I put the jack handle in the front seat and *then Hargrove, Adrian and* I got back in the car" and "*He* [a reference to Nazario] *grabbed Hargrove and slammed him up against the car and they both slipped.*" Appellant urged that neither sentence referred to or incriminated Williams. Williams agreed that these sentences did not incriminate him and joined

appellant in urging that the italicized passages not be redacted.

If the district court erred by redacting these two sentences, the error was harmless beyond a reasonable doubt. Tex.R.App.P. 81(b)(2). Removing the reference to Hargrove and Thompson from the first sentence did not make the sentence any more inculpatory or any less exculpatory with regard to appellant than it was with the reference intact. The deletion of the second sentence was harmless because two other references to Nazario slamming Hargrove into the car were not redacted and remained in appellant's statements as shown to the jury. Point of error seven is overruled.

■ Finally, appellant contends the district court fundamentally erred in its instruction to the jury regarding criminal liability for the acts of coconspirators. Tex.Penal Code Ann. § 7.02(b) (West 1994). In its instruction, the court told the jury that attempted capital murder, attempted murder, aggravated assault, aggravated robbery, robbery, and burglary of a motor vehicle are felonies. In fact, burglary of a vehicle is now a misdemeanor. Tex.Penal Code Ann. § 30.04 (West 1994). Because appellant did not object, he must demonstrate that this charge error was so egregious and created such harm as to have denied him a fair trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (opinion on rehearing). Appellant argues that he was egregiously harmed because it is likely the jury convicted him of aggravated robbery and attempted capital murder based on the conduct of his coconspirators committed in the course of a conspiracy to commit burglary of a vehicle, a misdemeanor.

The degree of harm resulting from charge error must be assayed in light of the entire charge, the state of the evidence, including the contested issues and the weight of the probative evidence, and the arguments of counsel. *Id.* Two factors convince us that the charge error in this cause did not deny appellant a fair trial. First, the court's parties charge was not limited to the conspiracy theory, but also authorized appellant's conviction as a party under section 7.02(a)(2).

The same evidence that tends to show that appellant and his confederates conspired to break into Nazario's car also demonstrates that appellant encouraged, aided, or attempted to aid his confederates in doing so. Second, appellant and Williams admitted assaulting Nazario, and the only disputed issue at trial was whether the assaults were committed in the course of committing theft. In their jury arguments, defense counsel conceded that their clients were guilty of the lesser offenses of aggravated assault or attempted murder, but insisted that the evidence did not support convictions for aggravated robbery and attempted capital murder either because no theft was attempted or because the assaults were independent of the attempted theft. Counsel for the State, on the other hand, argued that the only reasonable inference to be drawn from the circumstances was that the defendants broke into Nazario's car with the intent to steal and, therefore, the defendants were guilty of the charged offenses.

It is obvious that the jury concluded that appellant and his confederates broke into Nazario's car intending to steal it or other property. When this conclusion is combined with appellant's admission that he assaulted Nazario, it follows that appellant was guilty of aggravated robbery. Add the jury's equally obvious conclusion that appellant intended to kill Nazario or to aid Williams in his attempt, and appellant's guilt of attempted capital murder was also established. Under the circumstances, it was legally unnecessary for the jury to employ the coconspirator liability theory in finding appellant guilty of the charged offenses and, as a practical matter, we consider it unlikely that it did so. We therefore conclude that the charge error was not egregiously harmful. Point of error eight is overruled.

The judgments of conviction are affirmed.