TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00239-CR






Rodney Jermaine Johnson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 46,934, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






 Rodney Jermaine Johnson appeals from a trial-court judgment convicting him of capital
murder of a child under age six. See Tex. Penal Code Ann. § 19.03(a)(8) (West 1994). The State did
not seek the death penalty. The jury found Johnson guilty and the trial judge fixed punishment at life
imprisonment. See Tex. Code Crim. Proc. Ann. art. 37.071 (West Supp. 1997). We will affirm the
judgment.


THE CONTROVERSY


 The victim of Johnson's offense was the twenty-two-day-old daughter of the appellant and
his wife, Marva Johnson. The evidence established that the victim died November 13, 1996, as the result
of skull fractures, brain hemorrhages, and right frontal lobe lacerations of the brain. According to the
medical examiner these injuries were caused by blunt force head impacts. An autopsy revealed evidence
of older brain and rib injuries dating throughout the life of the child.

 On November 20, 1996, three days after the baby's death, Johnson gave a statement to
the State's chief investigator. According to his statement, during the night of November 5-6, 1996, the
victim was lying in her bassinet and crying. Johnson stated he had become frustrated and hit the baby with
his knuckles in an attempt to stop her crying and to calm her down. He further stated that on another
occasion, approximately one week before her death, he picked up the infant, again in response to her
crying, and squeezed her. He stated that while he squeezed her he noticed that her ribs went in too far. 
Johnson did not testify at trial.


PRESERVATION OF ERROR


 In his only point of error, Johnson complains the trial court erred when it allowed the State
to introduce evidence of "old injuries" sustained by the victim. There were two types of "old injuries": head
and rib injuries. In an opening statement, the prosecution stated, without objection, that Johnson both hit
the child and squeezed the child around the ribs. The State offered into evidence, without objection, an
abridged version of the appellant's written statement to the State's investigator. In that statement, Johnson
described how he had hit the baby the night of November 5-6, 1996 and how he had squeezed and broken
the baby's ribs approximately one week before her death. Evidence of these injuries was again introduced
into evidence by Johnson when he offered the entire statement into evidence under the rule of optional
completeness. See Tex. R. Crim. Evid. 107; Finley v. State, 917 S.W.2d 122, 125 (Tex. App.--Austin
1996, pet. ref'd).

 Johnson now complains about the admissibility of such evidence. He failed to object,
however, when that evidence was first presented. In order to preserve his complaint for appellate review,
Johnson was obliged to present "to the trial court a timely request, objection or motion, stating the specific
grounds for the ruling he desired the court to make if the specific grounds were not apparent from the
context." See Tex. R. App. P. 52 (a); see also Davis v. Davis, 734 S.W.2d 707, 710 (Tex.
App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.). No such timely request, objection, or motion appears
in the record.

 Johnson's later objection, when the issue arose again in the context of the medical
examiner's testimony and autopsy reports, was untimely and therefore did not preserve error. See Tex.
R. App. P. 52(a); Etheridge v. State, 903 S.W.2d 1, 14 (Tex. Crim. App. 1994), cert. denied, 116 S.
Ct. 314 (1995) (citing Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. denied,
501 U.S. 1259 (1991)). The evidence was already before the jury. In the absence of an objection at the
time the evidence was first admitted, the claimed error was not preserved for our review. Id. We overrule
the point of error.

 For the reasons given, we affirm the trial-court judgment.

 


 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 6, 1997

Do Not Publish



R WP="BR2">


FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 46,934, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






 Rodney Jermaine Johnson appeals from a trial-court judgment convicting him of capital
murder of a child under age six. See Tex. Penal Code Ann. § 19.03(a)(8) (West 1994). The State did
not seek the death penalty. The jury found Johnson guilty and the trial judge fixed punishment at life
imprisonment. See Tex. Code Crim. Proc. Ann. art. 37.071 (West Supp. 1997). We will affirm the
judgment.


THE CONTROVERSY


 The victim of Johnson's offense was the twenty-two-day-old daughter of the appellant and
his wife, Marva Johnson. The evidence established that the victim died November 13, 1996, as the result
of skull fractures, brain hemorrhages, and right frontal lobe lacerations of the brain. According to the
medical examiner these injuries were caused by blunt force head impacts. An autopsy revealed evidence
of older brain and rib injuries dating throughout the life of the child.

 On November 20, 1996, three days after the baby's death, Johnson gave a statement to
the State's chief investigator. According to his statement, during the night of November 5-6, 1996, the
victim was lying in her bassinet and crying. Johnson stated he had become frustrated and hit the baby with
his knuckles in an attempt to stop her crying and to calm her down. He further stated that on another
occasion, approximately one week before her death, he picked up the infant, again in response to her
crying, and squeezed her. He stated that while he squeezed her he noticed that her ribs went in too far. 
Johnson did not testify at trial.


PRESERVATION OF ERROR


 In his only point of error, Johnson complains the trial court erred when it allowed the State
to introduce evidence of "old injuries" sustained by the victim. There were two types of "old injuries": head
and rib injuries. In an opening statement, the prosecution stated, without objection, that Johnson both hit
the child and squeezed the child around the ribs. The State offered into evidence, without objection, an
abridged version of the appellant's written statement to the State's investigator. In that statement, Johnson
described how he had hit the baby the night of November 5-6, 1996 and how he had squeezed and broken
the baby's ribs approximately one week before her death. Evidence of these injuries was again introduced
into evidence by Johnson when he offered the entire statement into evidence under the rule of optional
completeness. See Tex. R. Crim. Evid. 107; Finley v. State, 917 S.W.2d 122, 125 (Tex. App.--Austin
1996, pet. ref'd).

 Johnson now complains about the admissibility of such evidence. He failed to object,
however, when that evidence was first presented. In order to preserve his complaint for appellate review,
Johnson was obliged to present "to the trial court a timely request, objection or motion, stating the specific
grounds for the ruling he desired the court to make if the specific grounds were not apparent from the
context." See Tex. R. App. P. 52 (a); see also Davis v. Davis, 734 S.W.2d 707, 710 (Tex.
App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.). No such timely request, objection, or motion appears
in the record.

 Johnson's later objection, when the issue arose again in the context of the medical
examiner's testimony and autopsy reports, was untimely and therefore did not preserve error. See Tex.
R. App. P. 52(a); Ether