NUMBER 13-05-272-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


FELIPE HUERTA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 A jury found appellant, Felipe Huerta, guilty of aggravated robbery (1) and sentenced
him to life in prison. In three issues, appellant complains that the evidence is legally and
factually insufficient to support his conviction, and that he received ineffective assistance
of counsel. We affirm. (2)

Issues One & Two: Legal and Factual Sufficiency

1. Standard of Review

 When there is a challenge to the legal sufficiency of the evidence to sustain a
criminal conviction, we consider whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. (3) We review all the evidence
in the light most favorable to the verdict and assume that the trier of fact resolved conflicts
in the testimony, weighed the evidence, and drew reasonable inferences in a manner that
supports the verdict. (4) It is not necessary that every fact point directly and independently
to the defendant's guilt; it is enough if the conclusion is warranted by the combined and
cumulative force of all the incriminating circumstances. (5) We consider even erroneously
admitted evidence. (6)

 In a factual sufficiency review, we view the evidence in a neutral light and ask
whether the fact-finder was rationally justified in finding guilt beyond a reasonable doubt. (7) 
We then determine whether the evidence supporting the verdict is so weak that the verdict
is clearly wrong and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. (8) We will not reverse a case on a factual
sufficiency challenge unless we can say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the fact-finder's verdict. (9)

 Under both the legal and factual sufficiency standards of review, the trier of fact is
the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given
to the witnesses' testimony. (10) Under both legal and factual sufficiency reviews, an
appellate court must be appropriately deferential to the fact-finder's role at trial. (11) The
fact-finder may believe all, some, or none of any witness's testimony. (12) This standard of
review applies to both direct and circumstantial evidence cases. (13)

2. Testimony at Trial

 At trial, Christopher Donnelly identified appellant as being the individual who robbed
him on May 21, 2004. Donnelly testified that he was in a parking lot retrieving items from
his truck when appellant approached him. Appellant casually asked Donnelly if he had any
money, and Donnelly responded by giving appellant a dollar from his pocket. Appellant
became insistent on receiving more money, and Donnelly again responded by giving
appellant a small amount of money pulled from his pocket. The following direct-examination testimony from Donnelly reveals what subsequently occurred:

 Q [Prosecutor]. Chris, What's the very next thing that happened?

 

 A [Donnelly]. That was about the time that, you know, he said this in a very
smooth combination. You know, "Hey, what's in your truck." And then he
said, you know, "Hey, you got a wallet? What's in your wallet? Why don't
you give me your wallet?" And, you know, that's when he said, "You don't
want a fucking bullet in you, do you. [sic]"

 

 Q. And what happened?

 

 A. And that's about the time that I felt something in this side of my stomach,
rib part, looked down, saw a gun. . . .


Donnelly testified that he feared for his physical safety and his life during this experience. 
He further testified that he was ultimately able to run away from appellant--without
appellant taking anything from him--and get help. The Corpus Christi Police Department
was immediately notified of the incident, and Donnelly provided the police with a physical
description of appellant; he also informed them that appellant was armed.

 Police officers testified to locating appellant approximately two blocks from where
the robbery took place. According to officers, appellant matched the physical description
provided by Donnelly. Officers detained appellant in the back of a police car, and after
finding no gun on his person, proceeded to search the surrounding area for the gun, but
ultimately never found it. The police brought appellant before Donnelly, and he
immediately identified appellant as his attacker.

3. Analysis

 Appellant argues that the evidence is insufficient to show a robbery because it does
not show a completed theft, as evidenced by Donnelly's testimony that nothing was taken
from him because he ran away from appellant. We find that "[p]roof of a successfully
completed theft was not required, however, because 'in the course of committing theft'
encompasses conduct that occurs during an attempt to commit theft." (14) From the
circumstances, the jury could rationally infer that appellant was attempting to steal
Donnelly's wallet, although he was prevented from doing so by Donnelly's flight.

 Appellant also argues that the evidence is insufficient to show an aggravated
robbery because no weapon was produced at trial and no weapon was found in his
possession. Appellant, however, is incorrect because the actual weapon used in the
commission of an offense does not need to be introduced into evidence if a witness is able
to testify about the weapon and the manner in which it was used. (15) Although police did not
locate a weapon, Donnelly described the weapon as being a semi-automatic, all black, and
slightly larger than the weapon presented at trial for demonstrative purposes. At three
different points during his direct-examination, Donnelly stated that he knew appellant had
pushed a gun against his stomach.

 Viewing all the evidence in the light most favorable to the verdict, we believe a
rational trier of fact could have found the essential elements of aggravated robbery beyond
a reasonable doubt. (16) Moreover, considering all the evidence equally, we do not find the
jury's verdict to be so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Accordingly, we overrule appellant's first two issues on appeal.

Issue Three: Ineffective Assistance of Counsel

1. Applicable Law

 A claim of ineffective assistance of counsel is reviewed under standards articulated
by the United States Supreme Court in Strickland v. Washington. (17) The Strickland
standards first require that the defendant show that counsel's representation fell below an
objective standard of reasonableness. (18)

 The court must then determine whether, in light of all the circumstances, the
identified acts or omissions were outside the wide range of professionally
competent assistance. In making that determination, the court should keep
in mind that counsel's function, as elaborated in prevailing professional
norms, is to make the adversarial testing process work in the particular case. 
At the same time, the court should recognize that counsel is strongly
presumed to have rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment. (19)


Judicial scrutiny of counsel's performance must be highly deferential. (20) The Texas Court
of Criminal Appeals has recognized an exception to the presumption of reasonable
professional judgment when the complained-of conduct by trial counsel is of a type that no
reasonably competent defense attorney would have engaged in for any reason. (21)

 Strickland sets out another requirement. "Conflict of interest claims aside, actual
ineffectiveness claims alleging a deficiency in attorney performance are subject to a
general requirement that the defendant affirmatively prove prejudice." (22) Strickland
requires, "The defendant must show that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been different. 
A reasonable probability is a probability sufficient to undermine confidence in the
outcome." (23)

2. Analysis

 In his third issue, appellant complains of ineffective assistance of counsel. 
Appellant primarily argues that his counsel was ineffective for not zealously challenging the 
State's use of a gun as demonstrative evidence at trial. The State presented the gun
during Donnelly's direct-examination. The following testimony reveals the extent to which
the gun was discussed and utilized:

 Q. [Prosecutor]. I'm going to show you what's only being used for
demonstrative evidence at this time. This is--like I said, this is not obviously
the gun that was used in the incident, but is that similar to the gun that was
used when the Defendant held you up at gunpoint?


 A. [Donnelly]. Yeah, it's similar. It didn't have the silver on it. It was all
black It might have--it was actually a little bit bigger than that.


 Q. Okay. Semi-automatic like that?


 A. Yes.


 Q. So basically a gun similar to that, would that be correct?


 A. I would say the exact same thing, just a little bit bigger, and in all black.


 Q. Thank you. So this is the gun that was pointed into your stomach, below
your rib cage?


 A. Yes.


 Q. With the obvious exceptions of what you just said?


 A. Yeah.


The State also presented the gun to two police officers during their direct-examinations;
on both of these occasions, the State specified that the gun was being used for
demonstrative purposes.

 We find that the State did not present or utilize the gun in an egregious manner. 
Moreover, we note that the jury was informed that the gun was admitted for demonstrative
purposes; testimony at trial made it clear to the jury that no actual weapon was ever found
in appellant's possession. It follows that counsel's failure to lodge objections or request
a limiting instruction was not so serious that it resulted in a trial whose result is unreliable. (24) 
Therefore, counsel's error, if any, was harmless.

 In his final argument, appellant asserts that counsel was ineffective for failing to
cross-examine Donnelly in such a way as to "cast doubt" on whether appellant actually had
a weapon. The record, however, is silent on the reasoning behind trial counsel's actions
during cross-examination. In the face of a silent record, we do not speculate on the
reasons for trial counsel's decisions. (25) We thus overrule appellant's second issue.

Conclusion

 The judgment of the trial court is affirmed.



 

 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed

this the 2nd day of August, 2007.

1. Tex. Penal Code Ann. § 29.03 (Vernon 2003).
2. As this is a memorandum opinion, the recital of the facts is not necessary except to demonstrate
the Court's decision and reasoning. See Tex. R. App. P. 47.4.
3. Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005).
4. See Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).
5. Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).
6. Id.
7. See Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).
8. Id. at 415.
9. Id. at 417.
10. Jaggers v. State, 125 S.W.3d 661, 670 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd) (citing
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981)).
11. Harvey v. State, 135 S.W.3d 712, 717 (Tex. App.-Dallas 2003, no pet.) (citing Jones v. State, 944
S.W.2d 642, 647-48 (Tex. Crim. App. 1996)).
12. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Jaggers, 125 S.W.3d at 670.
13. King v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).
14. Finley v. State, 917 S.W.2d 122, 125 (Tex. App.-Austin 1996, pet. ref'd); see Wolfe v. State, 917
S.W.2d 270, 275 (Tex. Crim. App. 1996).
15. See Morales v. State, 633 S.W.2d 866, 868 (Tex. Crim. App. [Panel Op.] 1982); Nickerson v. State,
69 S.W.3d 661, 669 (Tex. App.-Waco 2002, pet. ref'd); Billey v. State, 895 S.W.2d 417, 420 (Tex.
App.-Armarillo 1995, pet. ref'd).
16. The elements of aggravated robbery are (1) a person; (2) in the course of committing theft; (3) with
intent to obtain or maintain control of property; (4) intentionally or knowingly; (5) threatens another with, or
places another in fear of; (6) imminent bodily injury or death; and (7) uses or exhibits (8) a deadly weapon. 
Bilbrey v. State, 594 S.W.2d 754, 759 (Tex. Crim. App. 1980).
17. Strickland v. Washington, 466 U.S. 668 (1984).
18. Id. at 687-88.
19. Id. at 690.
20. Id. at 695.
21. Vasquez v. State, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992).
22. Strickland, 466 U.S. at 692.
23. Id. at 694.
24. See Phetvongkham v. State, 841 S.W.2d 928, 932 (Tex. App.-Corpus Christi 1992, pet. ref'd)
(citing Strickland, 446 U.S. at 687).
25. See Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994) (stating that a silent record
does not require an appellate court to speculate on the reasons for trial counsel's decisions).